IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

Dorothy Renee Jackson
9804 New Hampshire Avenue
Silver Spring, MD 20903
*On behalf of herself and others similarly situated*

      Plaintiff,

v.

JTM Capital Management, LLC
251 Little Falls Dr.
Wilmington, DE 19808
    Serve on:
    CSC-Lawyers Incorporating Service Co.
    7 St. Paul Street, Suite 820
    Baltimore MD 21202

Weinberg Mediation Group LLC
3380 Sheridan Dr., Suite 133
Amherst, NY 14226
    Serve on:
    Jerry Verhagen
    3380 Sheridan Dr., Suite 133
    Amherst, New York 14226

Royal Asset Management, Inc.
4802 E Ray Rd. Suite 23-151
Phoenix, AZ 85044
    Serve on:
    Capital Administrations LLC
    1712 Pioneer Ave Ste 115
    Cheyenne, WY 82001 USA

      Defendants.

Case No.: V463853

JURY TRIAL DEMAND

RECEIVED
MAR 0 1 2019
Clerk of the Circuit Court
Montgomery County, Md.

## Class Action Complaint and Demand for Jury trial

Dorothy Renee Jackson ("Jackson" or "Named Plaintiff"), by and through her undersigned counsel, files this Complaint on behalf of herself and others similarly situated against Defendants, JTM Capital Management, LLC ("JTM"), Weinberg Mediation Group LLC ("Weinberg"), and

1

Royal Asset Management, Inc. ("RAM"), for damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Practices Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"), and in support states as follows:

## Introductory Statement

On information and belief, in March of 2018, Named Plaintiff Jackson was hit with a barrage of telephone calls from Royal Asset Management, Inc. (RAM) and Weinberg Mediation Group, LLC (Weinberg) in an attempt to collect a consumer debt. Jackson did not know what debt RAM and Weinberg were trying to collect. Both RAM and Weinberg told Jackson that they were collecting the debt on behalf of JTM Capital Management, LLC (JTM). Despite her repeated requests, RAM and Weinberg failed to send written verification to Jackson regarding the debt.

JTM pursued the debt using two collection agencies at the same time. On information and belief, JTM employed this tactic to intimidate, harass and frustrate Jackson. Weinberg and RAM, acting for JTM, harassed Jackson by threatening criminal charges, threatening judgments, calling and harassing Jackson's daughter, and repeatedly calling and leaving messages for Jackson's employer. Upon information and belief, JTM purposefully collects debts through unlicensed debt collectors with knowledge that they will engage in the aforementioned reprehensible conduct. By hiring "fly by night" unlicensed debt collectors who consistently default on actions when they are sued, and act with no regard for Federal and State debt collection laws, JTM attempts to circumvent the FDCPA in its collection process. JTM is complicit in the FDCPA violations of these collection agencies. JTM hired Weinberg and RAM knowing that (1) a license was required to collect debt in Maryland; and (2) neither Weinberg nor RAM had a license to collect debt in Maryland. On information and belief, JTM has control over RAM's and Weinberg's actions.

## Jurisdiction and Venue

1. The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action may be brought in any court of competent jurisdiction.

2. This court has personal jurisdiction because each defendant regularly does business in Maryland collecting consumer debt, and each has purposely availed itself of Maryland's jurisdiction by collecting or attempting to collect debts within Maryland.

## Parties

3. Ms. Jackson is a citizen of the State of Maryland, and resident of Montgomery County.

4. JTM is a Delaware LLC that purchases junk debt.

5. JTM is a subsidiary of United Holding Group.

6. JTM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal purpose is the collection of debt. JTM is a "collector" as defined by Md. Code Ann., Com. L. § 14-201(b) because it collects debts arising from consumer transactions.

7. JTM advertises its business as debt collection, and its website is wholly dedicated to its principal purpose of debt collection. https://jtmcm.com (last visited 1/9/2019).

8. JTM is registered with the State of Maryland's Department of Labor, Licensing and Regulation ("DLLR") as a Collection Agency, license number 6875.

9. JTM uses unlicensed collection agencies to collect debts.

10. Weinberg is a New York LLC and a collection agency that attempts to collect and collects debts in Maryland without the required DLLR collection agency license.

11. RAM is a Wyoming corporation and a collection agency that attempts to collect and collects debts in Maryland without the required DLLR collection agency license.

## Facts

12. Ms Jackson lives in Silver Spring, Maryland and works as an assistant to the principal at a Montgomery County public middle school.

13. In March 2018, both RAM and Weinberg began calling Jackson on her cellular phone. When Jackson answered the telephone calls, agents told her that they were calling on behalf of Weinberg, and on behalf of RAM. The agents would leave a call-back number for Jackson to call in case she had any questions about the debts.

14. Despite repeated requests, Weinberg and RAM would expressly refuse to stop calling her cell phone, and both collection agencies told Jackson that she would have to pay the purported debt before the calls would stop. Both Weinberg and RAM continued to harass Jackson with constant calls after Jackson told them to stop.

15. On one call to Jackson's cell phone from Weinberg, a Weinberg agent told Jackson that they would file criminal charges for theft if she did not pay $500 right away.

16. RAM has left numerous messages for Jackson and her employer at Jackson's place of employment; RAM threatened criminal charges and mentioned pending criminal charges against Jackson.

17. There were no pending criminal charges against Jackson.

18. RAM called the school where Jackson is employed numerous times using the school's main telephone number, and left detailed, embarrassing, and threatening voicemails on the school's general voice mailbox. In one such call, RAM left a message stating that RAM was calling for Jackson and her "manager" to inform them that Jackson is being prosecuted for theft, and will be arrested.

19. Weinberg called Jackson's cell phone and left a voicemail threatening Jackson's arrest for theft and "malicious non-payment." Weinberg also threatened that Jackson would be arrested at her place of employment.

20. Jackson's mother is under constant medical care, and therefore Jackson had to pay close attention to her cell phone even while she was at work. Jackson talks with her family daily about the condition of her mother. For these reasons, Jackson could not simply put her cell phone away to alleviate the stress and distractions that the constant calls from RAM and Weinberg would cause.

21. Both Weinberg and RAM told Jackson that they were attempting to collect the purported debt on behalf of JTM.

22. On Jackson's Experian credit file, a "Bank of Missouri" trade line that matches the amount of the debt that RAM and Weinberg tried to collect, states "Account sold to JTM Capital Management."

23. The illegal conduct of Weinberg and JTM described above is chronicled in numerous public complaints easily accessible online, as outlined *infra* in ¶¶ 34-40.

24. JTM knew or should have known that RAM and Weinberg were employing these illegal collection tactics.

25. The Maryland Consumer Collection Agency Licensing Act (MCALA) requires a license to collect consumer debts and prohibits debt collection without a license. Md. Code Ann., Bus. Reg. § 7-101.

26. In violation of MCALA, RAM and Weinberg are knowingly and willfully doing business as a collection agency in Maryland without a collection license.

27. JTM has a license to do business as a collection agency in Maryland, and it knows and/or is recklessly disregarding the fact that RAM and Weinberg are collecting debt on its behalf in Maryland without a license and in violation of Maryland and federal law.

28. JTM knew or should have known that both Weinberg and RAM had a history of complaints against them for unlawful collection activity. These complaints included exactly the kind of wrongdoing Plaintiff experienced: false threats of legal action and arrest, and

prohibited contact with third parties.

29. Collectively, the Defendants have unjustly enriched themselves by collecting debts that they had no legal right to collect.

30. JTM, Weinberg, and RAM worked in concert in an attempt to circumvent and violate the FDCPA and MCALA.

31. In an effort to insulate itself from liability, JTM hired Weinberg and RAM knowing that they would engage in unlawful debt collection practices, including but not limited to collecting debt in violation of state licensing laws such as MCALA, and employing tactics which violate the FDCPA, MCDCA and MCPA.

### JTM's History

32. JTM is a subsidiary of United Holding Group.

33. JTM operates across the US.

34. JTM has a history of consumer complaints indicating unlawful debt collection practices. For example:

    a. A consumer in Iowa complained that JTM sought to collect a payday loan, but refused to provide its address to the consumer, preventing the consumer from sending a demand for validation. CFPB complaint # 2144193 (Oct 3, 2016);

    b. A consumer in North Carolina complained that JTM sought to collect an account that was the result of fraud. CFPB Complaint # 2910974 (May 18, 2018);

    c. A consumer in Wyoming complained that JTM made harassing phone calls to him, his place of business and members of his family. CFPB Complaint # 2892618 (May 1, 2018);

    d. A consumer in Virginia complained that JTM falsely claimed legal action had

been taken against the consumer. CFPB Complaint # 2891227 (April 30, 2018);

e. A consumer in Pennsylvania complained that JTM called the consumer's grandmother, and mother's coworkers and disclosed the consumer's personal financial information. CFPB Complaint # 2689888 (Oct 1, 2017);

f. A consumer in Illinois complained that JTM falsely threatened to withhold the consumer's Social Security check. CFPB Complaint # 2586445 (July 26, 2017).

### Weinberg's History

35. Weinberg has a history of calling and disclosing information about consumers' debts to third parties, for example:

g. On April 20, 2018, a consumer complained that Weinberg repeatedly called a business number after being told not stop calling. CFPB Complaint # 2882446.

h. On April 12, 2018, a consumer complained that Weinberg called the consumer's parents, brothers and former and current employers and falsely told them the consumer was being sued. CFPB Complaint # 2873063.

i. On January 18, 2018, a consumer complained that Weinberg called the consumer's employer and family members. CFPB Complaint # 2785883.

j. On October 26, 2017, a consumer complained that Weinberg called and emailed a consumer's mother concerning the consumer's debt. CFPB Complaint # 2712788.

k. On June 13, 2017, a consumer complained that Weinberg called several relatives and a friend of friend. CFPB Complaint # 2519910.

l. On May 26, 2017, a consumer complained that Weinberg left a message including his social security number and birth date on the consumer's parents'

7

voicemail. CFPB Complaint # 2491681.

36. Weinberg's history of unlawful collection practices is not limited to third-party contact. Consumers have also complained that Weinberg has falsely threatened criminal prosecution, arrest and other legal action, made harassing phone calls, sought to collect debts not owed, and used abusive or obscene language in collection calls.

37. Weinberg failed to provide a timely response to 39 of the 84 CFPB consumer complaints against it.

38. Weinberg also has a history of complaints to non-governmental bodies, such as the Better Business Bureau, for example:

    m. On May 1, 2018, a consumer complained that Weinberg called the consumer's mother, gave the consumer's mother the consumer's birth date, partial Social Security Number and address and threatened wage garnishment;

    n. On May 15, 2018, a consumer complained that Weinberg threatened her with criminal charges for theft;

    o. On April 30, 2018, a consumer complained that Weinberg called a previous employer concerning the consumer's debt;

    p. On April 21, 2018, a consumer complained that Weinberg called his mother pretending to be a local sheriff looking to arrest the consumer.

    q. On May 25, 2017, a consumer complained that Weinberg threatened her with arrest over a debt she did not owe.

https://www.bbb.org/us/ny/amherst/profile/collections-agencies/weinberg-mediation-group-0041-235987023/complaints (last visited 2/26/2019, click load more until the relevant complaint is visible).

39. Weinberg's history of complaints and lack of proper licensure caused the Better Business Bureau to launch its own investigation into Weinberg. Weinberg failed to respond.

https://www.bbb.org/us/ny/amherst/profile/collections-agencies/weinberg-mediation-group-0011-235987023/details#Alert (last visited 2/26/2019).

40. Weinberg has a history of defaulting when it is sued by consumers it has abused, as in *Vaccaro v. Weinberg Mediation Group, LLC*, Case No 1:17-cv-618-WMS (W. D. N.Y. April, 23, 2018)(ECF 9, Clerk's entry of default) and *Dembitzer v. Weinberg Mediation Group, LLC*, Case No 1:17-cv-1734-ENV-SJB (E.D. N.Y.,June 28, 2017)(ECF 11, Clerk's entry of default).

## RAM's History

41. RAM is not registered to conduct business in Maryland.

42. RAM is not licensed to collect consumer debt in Maryland, nor in any other state using the National Mortgage Licensing System.

43. The Director of RAM is John Reif ("Reif"). On information and belief, Reif is also the Director of several other debt collection entities associated with RAM, including: Global Recovery Group, Inc., Global Recovery Group, LLC and Global Recovery Solutions, Inc.

44. Like Weinberg, these associated entities have been subject to many complaints. For example:

   a. On 10/3/2018, a consumer complained that Global Recovery Group falsely threatened criminal charges in connection with an alleged debt. CFPB Complaint # 3035890.

   b. On 5/18/2016, a consumer complained that Global Recovery Group falsely claimed to be a law enforcement officer and threatened to arrest him for a debt. CFPB Complaint # 1931906.

   c. On 6/21/2017, a consumer complained that Global Recovery Group threatened him with arrest for non-payment. CFPB Complaint # 2555180.

## Class Allegations

45. The Class is defined as:

> All individuals who are residents of Maryland contacted by any debt collector without a Maryland Collection Agency Licensing Act license, within the year immediately preceding the filing date of this complaint for the purposes of collecting consumer debt owned by JTM.

46. The following people are excluded from the class:

   a. employees or independent contractors of the Defendant;

   b. relatives of employees and independent contractors of the Defendant;

   c. employees of the Court where this action is pending.

   d. Individuals whose claims against JTM have been discharged in bankruptcy.

47. The Members of the Class are ascertainable. The Class Members are readily identifiable from the information and records in the possession or control the Defendants or their affiliated entities and agents.

48. On information and belief, the Members of the Class are sufficiently numerous that individual joinder of all members is impractical. This is based on the following facts. JTM collects debt nationwide, on a large scale. JTM boasts on its website that it has "managed in excess of $3 billion in uncollected debt". "Debt Management", available at https://jtmcm.com/debt-management.html, last visited 12/3/2018. That is approximately $9 for every person in the US. JTM and Weinberg both have large numbers of complaints against them showing, at least, that they engage in a high volume of collection activity. Since neither RAM nor Weinberg have licenses to collect debts from any Maryland residents, any Maryland consumer subject to collection activity by them will be a class member.

49. There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual members and, in fact, the wrongs alleged

against the Defendants by the Class Members and the remedies sought by Plaintiff and the Class Members against the Defendants are identical. The common issues of Fact and Law include but are not limited to:

a) Whether RAM acted as a collection agency in the State of Maryland;

b) Whether RAM was licensed to act as a collection agency in Maryland;

c) Whether Weinberg acted as a collection agency in the State of Maryland;

d) Whether Weinberg was licensed to act as a collection agency in Maryland;

e) Whether JTM is a debt collector as defined by the FDCPA;

f) Whether JTM, Weinberg and/or RAM threatened or took actions that it had no right to take under state law.

50. Plaintiff's legal and equitable claims are typical and the same or identical for each Class Member they represent and will be based on the same legal and factual theories.

51. The Defendants' defenses would be typical and the same or identical for each Class Member and will be based on the same legal and factual theories.

52. Named Plaintiff's claims are typical of the claims of the Class Members they represent.

53. Named Plaintiff will fairly and adequately protect the interests of all Class Members who she represents in the prosecution of this action. Named Plaintiff is similarly situated with, and has suffered similar injuries as, the Class Members Named Plaintiff seeks to represent. Named Plaintiff feels that she have been wronged, wishes to obtain redress of the wrong, and wants Defendant to be stopped from harassing consumers or otherwise perpetrating similar wrongs on others.

54. To that end, the Named Plaintiff has retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.

55. Certification of a Class under Rule 2-231 (b)(2) is appropriate because Defendants Weinberg and RAM, by acting as a collection agency without a license, and Defendant JTM, by using unlicensed agency to collect on its behalf, have acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

56. Certification of a Class under (b)(3) is appropriate as to the Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

57. The only individual questions concern the identification of Class Members and who are entitled to any funds that the Defendants are ordered to disgorge as the fruit of its unlawful activities or share in any legal or restitution damages permitted by law. This information can be determined by a ministerial examination of the Defendant's business records, which are admissible as an exception to the hearsay rule and as a statement by a party.

58. The Class Members have suffered damages, losses, and harms similar those sustained by the Plaintiff and described above.

59. On information and belief, the amount in controversy for each of the counts listed below is in excess of $75,000, and is subject to further discovery as to the size of the class.

### COUNT I – Class Claim Against All Defendants
### Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692 et. al.

60. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

61. The FDCPA was passed in 1978 to promote ethical business practices by debt collectors, and to protect consumers from abusive or deceptive debt collectors.

62. The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing on one violation. See 15 U.S.C. § 1692k(a); Bradshaw v. Hilco Receivables, LLC, 765 F. Supp.2d 719, 725 (D. Md. 2011).

63. JTM routinely acquires ownership interest in defaulted debts, and collects or attempts to collect those debts directly and indirectly, and therefore is a Debt Collector within the meaning of 15 U.S.C. § 1892a(6).

64. Weinberg and RAM regularly collect or attempt to collect debts due or asserted to be due to another, and therefore is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

65. 15 U.S.C. 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

66. By acting as an unlicensed collection agency in material violation of the laws and rules governing its direct and indirect activities in the State of Maryland and also demanding sums from Jackson and the putative class members, Weinberg and RAM have violated 15. U.S.C. § 1692e.

67. JTM is vicariously liable for the aforementioned violations of Weinberg and RAM.

68. As a direct result of the Defendants' conduct, the Plaintiff and class members were harmed.

WHEREFORE, the Plaintiff seeks the following relief:

  A. That the court certify a Class, with the class definition given above or as amended, appoint the Plaintiff as Class representative and appoint her counsel as Class counsel;

    B. That the court award statutory damages pursuant to 15 U.S.C. § 1692k(2);

    C. That the court award costs including reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3);

    D. Such other and further relief as the nature of the Plaintiff's cause may require.

## COUNT II – Class Claim Against All Defendants

## MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) - Md. Code Ann., Com. Law §§ 14-201 et. seq.

69. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

70. Defendants JTM, Weinberg, and RAM are "collectors" as defined by Md. Com. Law Code Ann. § 14-201(b).

71. Pursuant to MCDCA § 14-202(8), collectors (Defendants) may not "Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

72. The defendants breached MCDCA § 14-202(8) when they:

    a. Called the Plaintiff and Class Members to collect a debt that they have no right or authority to collect because they did not have a collection agency license; and

73. As a result of Defendant's breaches of MCDCA, Plaintiff suffered actual damages that include financial loss, damage to reputation, emotional distress with or without accompanying physical injury, mental anguish, and frustration.

74. JTM is vicariously liable for Weinberg and RAM's violations of the MCDCA.

75. JTM conspired with Weinberg and RAM to violate the MCDCA by attempting to collect debt without a license and by attempting to collect debts by means prohibited by the MCDCA.

    **WHEREFORE**, the Plaintiff seeks the following relief:

A. That the court certify a Class, with the class definition given above or as amended, appoint the Plaintiff as Class representative and appoint her counsel as Class counsel;

B. Actual damages in excess of $75,000;

C. An award of costs;

D. Such other and further relief as the nature of the Plaintiff's cause may require.

## COUNT III – Individual Claim Against All Defendants

### Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692 et. al.

76. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

77. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

78. Defendants Weinberg and RAM violated 15 U.S.C. § 1692e(5) by threatening to file or claiming that they had filed criminal charges against Jackson, an action Weinberg could not legally take.

79. Defendants Weinberg and RAM violated 15 U.S.C. § 1692e(7) by falsely implying that Jackson had committed a crime for which it could file criminal charges, or had been filed.

80. Defendants Weinberg and RAM violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt, specifically, the false claim of criminality, the false threat of criminal charges, the false claim that they would not stop calling unless Jackson paid them.

81. Defendants Weinberg and RAM violated 15 U.S.C. § 1692c(b) by calling Jackson's daughter and revealing information about Jackson's alleged debt, and by leaving voicemails

containing information about Jackson's alleged debt on the main line voicemail system of Jackson's employer.

82. Defendant JTM is vicariously liable for the violations of defendants Weinberg and RAM.

WHEREFORE, the Plaintiff seeks the following relief:

    A.    Actual damages in excess of $75,000;

    B.    Statutory damages of $1,000;

    C.    An award of costs and reasonable attorneys fees;

    D.    Such other and further relief as the nature of the Plaintiff's cause may require.

## COUNT IV – Individual Claim Against All Defendants

### MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) - Md. Code Ann., Com. Law §§ 14-201 et. seq.

83. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

84. Defendants JTM, Weinberg, and RAM are "collectors" as defined by Md. Com. Law Code Ann. § 14-201(b).

85. Pursuant to MCDCA § 14-202(8), collectors (Defendants) may not "Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

86. The defendants breached MCDCA § 14-202(8) when they threatened criminal charges and garnishments which were not legally possible when threatened.

87. The defendants violated § 14-202(2) by threatening criminal prosecution in the absence of any crime.

88. The defendants violated § 14-202(4) by contacting Jackson's employer with respect to the

alleged debt without first obtaining a final judgment.

89. The defendants violated § 14-202(5) by disclosing information concerning Jackson's alleged debt to Jackson's daughter.

90. As a result of Defendant's breaches of MCDCA, Plaintiff suffered actual damages that include financial loss, damage to reputation, emotional distress with or without accompanying physical injury, mental anguish, and frustration.

91. JTM is vicariously liable for Weinberg and RAM's violations of the MCDCA.

WHEREFORE, the Plaintiff seeks the following relief:

    A.    Actual damages in excess of $75,000;

    B.    An award of costs;

    C.    Such other and further relief as the nature of the Plaintiff's cause may require.

## COUNT V – Individual & Class, Against All Defendants

### MARYLAND CONSUMER PROTECTION ACT - Md. Code Ann., Com. Law §§ 13-301 et. seq.

92. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

93. The MCPA provides a remedy for consumers who are harmed by unfair or deceptive trade practices. Included in the MCPA's definition of unfair or deceptive trade practices is any "false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."

94. The Defendants, collectively and individually, made false and misleading oral statements to the Named Plaintiff and putative Class Members when they attempted to collect debts

without the proper license.

95. The aforementioned breaches of the MCDCA in Count IV are also violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301(14)(iii), which states that any violation of the MCDCA is a per se violation of the Maryland Consumer Protection Act.

96. As a proximate result of the Defendants' violations of the Maryland Consumer Protection Act, Plaintiff has suffered damages, including emotional distress, mental anguish, embarrassment, and many other damages.

97. The Maryland Consumer Protection Act allows attorney's fees to be recovered in actions where the consumer prevails.

**WHEREFORE**, the Plaintiff seeks the following relief:

A. Actual damages in excess of $75,000;

B. An award of costs and reasonable attorneys fees;

C. Such other and further relief as the nature of the Plaintiff's cause may require.

## COUNT VI- Claim for Attorneys Fees Allowed By Law
### (All Defendants)

98. Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading. Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendants that he believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

*[signature]*

Ingmar Goldson, Esq.
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Phone: 240-780-8829
igoldson@goldsonlawoffice.com

Emanwel J. Turnbull
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21401
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

*Attorneys for Plaintiff*