UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DOROTHY RENEE JACKSON

      Plaintiff,

v.

JTM CAPITAL MANAGEMENT, LLC
WEINBERG MEDIATION GROUP LLC
ROYAL ASSET MANAGEMENT, INC.

      Defendants.

Case No.: 8:19-cv-01009-TDC

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S
## AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant JTM Capital Management, LLC ("Defendant"), by and through its undersigned counsel, for its Answer to Plaintiff's Complaint, upon information and belief, states as follows:

### INTRODUCTORY STATEMENT

Defendant denies each and every allegation in Plaintiff's Introductory Statement.

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 1.

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

**PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3, and therefore denies same.

4. Admitted in part. Defendant admits that it is a Delaware limited liability company. Defendant denies each and every remaining allegation in Paragraph 4.

5. Defendant denies each and every allegation in Paragraph 5.

6. Defendant denies each and every allegation in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, and therefore denies same.

9. Defendant denies each and every allegation in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies same.

**FACTS**

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, and therefore denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, and therefore denies same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23, and therefore denies same.

24. Defendant denies each and every allegation in Paragraph 24.

25. The Maryland Consumer Collection Agency Licensing Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, and therefore denies same.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

29. Defendant denies each and every allegation in Paragraph 29.

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies each and every allegation in Paragraph 31.

### JTM'S HISTORY

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33, and therefore denies same.

34. Defendant denies each and every allegation in Paragraph 34.

### WEINBERG'S HISTORY

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35, and therefore denies same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36, and therefore denies same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37, and therefore denies same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38, and therefore denies same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39, and therefore denies same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40, and therefore denies same.

### RAM'S HISTORY

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41, and therefore denies same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42, and therefore denies same.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43, and therefore denies same.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44, and therefore denies same.

### CLASS ALLEGATIONS

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45, and therefore denies same.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46, and therefore denies same.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies each and every allegation in Paragraph 49.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51.

52. Defendant denies each and every allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54, and therefore denies same.

55. Defendant denies each and every allegation in Paragraph 55.

56. Defendant denies each and every allegation in Paragraph 56.

57. Defendant denies each and every allegation in Paragraph 57.

58. Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

**COUNT I - CLASS CLAIM AGAINST ALL DEFENDANTS**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) - 15 U.S.C. § 1692, ET AL.**

60. With respect to Paragraph 60, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 60.

61. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 61.

62. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 62.

63. Defendant denies each and every allegation in Paragraph 63.

64. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64, and therefore denies same.

65. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66, and therefore denies same.

67. Defendant denies each and every allegation in Paragraph 67.

68. Defendant denies each and every allegation in Paragraph 68.

### COUNT II - CLASS CLAIM AGAINST ALL DEFENDANTS
### MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) - MD. CODE ANN., COM. LAW §§ 14-201

69. With respect to Paragraph 69, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 69.

70. Defendant denies each and every allegation in Paragraph 70.

71. The Maryland Consumer Debt Collection Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 71.

72. Defendant denies each and every allegation in Paragraph 72.

73. Defendant denies each and every allegation in Paragraph 73.

74. Defendant denies each and every allegation in Paragraph 74.

75. Defendant denies each and every allegation in Paragraph 75.

### COUNT III - INDIVIDUAL CLAIM AGAINST ALL DEFENDANTS
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) - 15 U.S.C. § 1692, ET AL.

76. With respect to Paragraph 76, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 76.

77. With respect to Paragraph 77, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at

Paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78, and therefore denies same.

79. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79, and therefore denies same.

80. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80, and therefore denies same.

81. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81, and therefore denies same.

82. Defendant denies each and every allegation in Paragraph 82.

### COUNT IV - INDIVIDUAL CLAIM AGAINST ALL DEFENDANTS
### MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) - MD. CODE ANN., COM. LAW §§ 14-201

83. With respect to Paragraph 83, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 83.

84. Defendant denies each and every allegation in Paragraph 84.

85. The Maryland Consumer Debt Collection Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 85.

86. Defendant denies each and every allegation in Paragraph 86.

87. Defendant denies each and every allegation in Paragraph 87.

88. Defendant denies each and every allegation in Paragraph 88.

89. Defendant denies each and every allegation in Paragraph 89.

90. Defendant denies each and every allegation in Paragraph 90.

91. Defendant denies each and every allegation in Paragraph 91.

### COUNT V - INDIVIDUAL & CLASS AGAINST ALL DEFENDANTS
### MARYLAND CONSUMER PROTECTION ACT - MD. CODE ANN., COM. LAW §§ 13-301

92. With respect to Paragraph 92, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 92.

93. The Maryland Consumer Protection Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 93.

94. Defendant denies each and every allegation in Paragraph 94.

95. Defendant denies each and every allegation in Paragraph 95.

96. Defendant denies each and every allegation in Paragraph 96.

97. The allegations in Paragraph 97 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 97.

### COUNT VI - CLAIM FOR ATTORNEYS' FEES ALLOWED BY LAW

98. Defendant denies each and every allegation in Paragraph 98.

### FIRST AFFIRMATIVE DEFENSE

99. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

100. Plaintiff failed to mitigate her damages. While Defendant JTM Capital Management, LLC has yet to conduct discovery or depose Plaintiff in the subject case, given that

Plaintiff is claiming actual damages, Defendant may obtain information through discovery that evidences that Plaintiff did not mitigate her purported damages.

### THIRD AFFIRMATIVE DEFENSE

101. Plaintiff's claims alleged in the Complaint are barred by the statute of limitations. Plaintiff's Complaint vaguely alleges that she received telephone calls in March 2018 without any further specificity. Given that claims asserted pursuant to the Fair Debt Collection Practices Act have a 1-year statute of limitations and Plaintiff commenced this action on March 1, 2019, Defendant is unsure, without the benefit of discovery, whether Plaintiff's claims are timely.

### FOURTH AFFIRMATIVE DEFENSE

102. Defendant is not a debt collector as defined by the Fair Debt Collection Practices Act.

### FIFTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions. Upon the completion of discovery, Defendant may discover facts that Plaintiff's acts or omissions caused or contributed to the purported violations of the Fair Debt Collection Practices Act and/or her purported damages.

### SIXTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority. Plaintiff claims that Defendants, other than Defendant JTM Capital Management, LLC, engaged in conduct that violates the Fair Debt Collection Practices Act. Accordingly, it is

the co-Defendants that are liable to Plaintiff, in whole or in part, for the purported violations of the Fair Debt Collection Practices Act.

## SEVENTH AFFIRMATIVE DEFENSE

105. Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims are not certifiable pursuant to Fed. R. Civ. P. 23.

WHEREFORE, Defendant JTM Capital Management, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:	April 23, 2019

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq. (Pro Hac Vice)
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

**BRAULT GRAHAM, LLC**

James M. Brault (Bar No. 03943)
101 S. Washington Street
Rockville, MD 20850
P: 301-424-1060
F: 301-424-7991
E: jmb@braultgraham.com

*Attorneys for Defendant JTM Capital Management, LLC*