# The Holland Law Firm
## for Consumer Rights

**Emanwel J. Turnbull**  
Attorney at Law  
eturnbull@hollandlawfirm.com

The Holland Law Firm, P.C.  
914 Bay Ridge Road, Suite 230  
Annapolis, MD 21403

May 7, 2019

Chambers of Theodore Chuang, U.S. District Judge  
U.S. Courthouse  
6500 Cherrywood Lane  
Greenbelt, MD 20770

**RE:**        **JACKSON V. JTM CAPITAL MANAGEMENT, LLC, ET AL.**  
**CASE NO:**   **8:19-CV-01009-TDC**  
               **PLAINTIFF'S NOTICE OF INTENT TO FILE MOTION PURSUANT TO CASE MANAGEMENT ORDER (ECF 6)**

### I. Motion to be Filed

Plaintiff intends to file a motion to strike Defendant JTM Capital Management, LLC ("JTM")'s 2nd, 3rd, 5th and 6th affirmative defenses, from its amended Answer (ECF 15) on the grounds that they are either inadequately pleaded or legally insufficient defenses.

### II. Pre-Motion Meet & Confer

Plaintiff's counsel emailed JTM's counsel on 4/11/2019 and 4/18/2019. As a result JTM filed an amended Answer, ECF 15. Plaintiff's counsel again emailed JTM's counsel raising the inadequacy of the amended defenses on 4/26/2019 but has received no response.

### III. The Law

Motions to strike are generally disfavored, but have been granted in this District where defenses were pled in boilerplate fashion, or where the defenses were insufficient as a matter of law.[1] The pleading standard for affirmative defenses is generally held to be such as is sufficient to provide fair notice.

---

[1] *See, e.g. Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH–10–02091, 2011 WL 631145, at *14 (D.Md. Feb. 11, 2011) (Hollander, J., striking affirmative defenses unsupported by facts); *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L–09–3102, 2010 WL 2998836, at *1 (D.Md. July 27, 2010) (Legg, J., striking affirmative defenses unsupported by facts); *Malibu Media, LLC v. Doe,* No. 13-cv-512-RWT, 2015 WL 1402286 (D. Md. Mar. 25, 2015)(Titus, J., striking insufficient defenses); *Alston v. Equifax Information Services, LLC,* No. GLR-13-934, 2014 WL 580148 (D. Md. Feb. 11, 2014)(Russell, J., striking unsupported defenses); *Alston v. Transunion*, 2017 WL 464369 (D. Md. Feb. 1, 2017)(Hazel, J. , striking unsupported defenses).

1

In addition, affirmative defenses may be stricken if they "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001).

### IV.   The Defenses

The 2nd, 3rd, 5th and 6th Affirmative defenses are purely speculative and unsupported by any facts. JTM merely alleges that it "may obtain information through discovery" that supports these defenses and is "unsure" whether Plaintiff's claim is within the statute of limitations. These defenses do not "under the facts alleged, constitute [] valid defense[s]" because there are no facts which support their existence.

Plaintiff cannot tell what facts are supposed to support these defenses – it appears that no facts actually support them and they are raised in a purely speculative manner.

These pleading defects are prejudicial to Plaintiff because they would require plaintiff to waste discovery requests and attorney time in an attempt to discover the underlying facts, or ensure that Plaintiff receives notice of the underlying facts, and might ultimately require a motion for partial summary judgment to defeat defenses that turn out to lack factual support. While some of this prejudice could be cured by measures other than striking the defenses, such as allowing additional interrogatories and requests for production, some prejudice would remain – the expenditure of time and effort on these issues – and a much simpler solution would be for Defendant to sufficiently plead the defenses it actually has and remove defenses that are not supported by fact or law. In the event that new facts are discovered that do support these affirmative defenses, JTM would have the opportunity to move to amend its answer to raise these defenses, properly pleaded.

Respectfully submitted,

*/s/ Emanwel J. Turnbull*
Emanwel J. Turnbull
Fed. Bar No. 19674
The Holland Law Firm, P.C.
P.O. Box 6268
Annapolis, MD 21401
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

Ingmar Goldson
igoldson@goldsonlawoffice.com
THE GOLDSON LAW OFFICE
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.   (240) 780-8829
Fax.   (877) 397-0707

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing when filed through the Court's CM/ECF System to defendant JTM Capital Management, LLC's counsel of record, and by first lass mail, postage prepaid to:

Weinberg Mediation Group, LLC
By:  Jerry Verhagen
3380 Sheridan Drive, Ste. 133
Amherst, NY  14226

Royal Asset Management, Inc.
By:  Capital Administrations, LLC
1712 Pioneer Avenue, Ste. 115
Cheyenne, WY  82001

*Defendants*

              _____*/s/Emanwel J. Turnbull*_____
                *EMANWEL J. TURNBULL*