# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOROTHY JACKSON<br><br>Plaintiff,<br><br>v.<br><br>JTM CAPITAL MANAGEMENT, LLC et al<br><br>Defendants. | Case No.: 8:19-cv-1009-TDC |

## PLAINTIFF'S MOTION TO STRIKE 5TH AFFIRMATIVE DEFENSE OF JTM CAPITAL MANAGEMENT, LLC

Plaintiff, Dorothy Jackson, moves by and through her undersigned counsel to strike the 5th Affirmative Defense from Defendant JTM Capital Management, LLC's answer (ECF 15) because it is insufficient as a matter of law and does not provide fair notice of a defense to Plaintiff's Complaint. Plaintiff's memorandum in support is incorporated herein.

### I. Introduction

Plaintiff filed her Complaint in the Circuit Court for Montgomery County, Maryland, on March 1, 2019. ECF 11. Defendant JTM removed the complaint to this court on April 3, 2019. ECF 1. The Complaint alleges that JTM violated the Fair Debt Collection Practices Act (FDCPA), the Maryland Consumer Debt Collection Act (MCDCA) and the Maryland Consumer Protection Act (MCPA).

In its Amended Answer (ECF 15) to the Complaint, the Defendant pleaded the following as its 5th Affirmative Defense:

> Plaintiff's claims may be precluded, in whole or part, to the
> extent Plaintiff's purported damages, if any, were caused by

>Plaintiff's acts and/or omissions. Upon the completion of discovery, Defendant may discover facts that Plaintiff's acts or omissions caused or contributed to the purported violations of the Fair Debt Collection Practices Act and/or her purported damages.

Because this defense is clearly insufficient in law, and unsupported by any facts, it should be stricken at this stage pursuant to FRCP 12(f). *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536–37 (D. Md. 2010) (Bennett, J., striking affirmative defenses unsupported by facts and insufficient in law).[1]

## II. The Law

An affirmative defense must provide "fair notice of the factual basis for a claim or defense." *Bradshaw,* 725 F.Supp.2d 532 at 536. This standard is imposed in order to "promote litigation efficiency and discourage defendants from asserting boilerplate affirmative defenses." *Id.* Defenses may be stricken where they "contain no facts and are too conclusory to provide fair notice of the grounds on which the defense stand." *Topline Solutions, Inc. v. Sandler Systems, Inc.* Civ. No. L-09-3102, 2010 WL 2998836, *2 (D. Md. Oct. 1, 2010). This is the pleading standard articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The majority of judges in this District apply this standard to affirmative defenses.[2]

---

[1] Several other judges in this District have also stricken affirmative defenses which were not sufficiently pled See, e.g. *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH–10–02091, 2011 WL 631145, at *14 (D.Md. Feb. 11, 2011) (Hollander, J., striking affirmative defenses unsupported by facts); *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L–09–3102, 2010 WL 2998836, at *1 (D.Md. July 27, 2010) (Legg, J., striking affirmative defenses unsupported by facts); *Malibu Media, LLC v. Doe,* No. 13-cv-512-RWT, 2015 WL 1402286 (D. Md. Mar. 25, 2015)(Titus, J., striking insufficient defenses); *Alston v. Equifax Information Services, LLC,* No. GLR-13-934, 2014 WL 580148 (D. Md. Feb. 11, 2014)(Russell, J., striking unsupported defenses); *Alston v. Transunion*, 2017 WL 464369 (D. Md. Feb. 1, 2017)(Hazel, J. , striking unsupported defenses) *but see contra Baron v. Directv, LLC*, No. CV JKB-16-3145, 2017 WL 68688, at *1 (D. Md. Jan. 6, 2017)(Bredar, J. holding "[i]t is still the undersigned's opinion . . . that affirmative defenses need only meet the pleading standard of Rule 8(b)(1)(A).")

[2] See *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387 (D. Md. 2014)(disagreeing, but collecting at Fn.1 decisions on this issue in this district) and note 1, *supra*, collecting cases in which affirmative defenses were stricken under this standard.

In addition, affirmative defenses may be stricken if they "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001). A defense that is "clearly insufficient as a matter of law" may be stricken. *Bradshaw*, 725 F.Supp.2d at 535 (D. Md. 2010) citing *Hanzlik v. Birach,* 2009 WL 2147845, at *3 (E.D. Va. July 14, 2009).

### III.    Argument

Plaintiff alleges various violations of the Fair Debt Collection Practices Act (FDCPA), the Maryland Consumer Debt Collection Act (MCDCA) and the Maryland Consumer Protection Act (MCPA). Plaintiff claims statutory damages, and actual damages in the form of emotional distress.

Defendant's 5th affirmative defense appears to be that Plaintiff caused the FDCPA and state law violations for which she sues, or that she caused her own damages. This defense is so vague that it does not provide Plaintiff with fair notice of the defense raised. It is wholly unsupported by facts and is pleaded as pure speculation that defendant "may" discover facts that support such a defense.

Notwithstanding these defects, none of the legal theories that this defense might represented is a defense to Plaintiff's claims.

To the extent that this defense is distinct from failure to mitigate, it is legally insufficient. The FDCPA is a consumer protection statute, whose protection extends even to fraudulent consumers. *Johnson v. Nationstar Mortg., LLC* 2017 WL 3705838 (M.D. Fla. Aug. 28, 2017)(defense akin to "unclean hands" stricken as insufficient as a matter of law); *Fed. Trade Comm'n v. Check Investors, Inc.,* 502 .3d 159 (3d Cir. 2007)(FDCPA protects even consumers who commit fraud); *Branco v. Credit Collection Servs. Inc.,* 2011

WL 3684503 (E.D. Cal. Aug. 23, 2011)(defense that consumer assumed risk of FDCPA violation wholly without merit).

In this case, Plaintiff cannot possibly have caused Defendant's violations, as pleaded. There is no set of facts under which Plaintiff could be legally responsible for:

(1) JTM's hiring its co-defendants as unlicensed debt collectors.

(2) JTM's co-defendants falsely threatening plaintiff with criminal charges.

(3) JTM's co-defendants contacting persons other than the plaintiff about her alleged debt.

(4) JTM's co-defendants pretending that they had a right to collect when, because they were unlicensed, they had no such right.

To the extent that this defense alleges comparative or contributory negligence by Plaintiff, it is legally insufficient. Comparative negligence is not recognized in Maryland law. *Coleman v. Soccer Ass'n of Columbia,* 69 A.3d 1149, 1152 (Md. 2013)(declining to abrogate contributory negligence doctrine in favor of comparative negligence). Contributory negligence does not apply to intentional torts, and rarely applies to reckless or strict liability torts. Restatement (Second) of Torts, § 481-482, 484. Nor does contributory negligence bar recovery for non-negligent statutory torts. *Id* § 483 ("contributory negligence bars . . . recovery *for the negligence of the defendant* consisting of the violation of a statute.")(emph. Added).

All of the claims here are statutory and none impose a negligence standard. FDCPA is a strict liability statute. *Bradshaw,* 765 F.Supp. 2d at 725. The MCDCA violations pleaded either require no mental element, or require reckless disregard or actual knowledge by Defendant. *Spencer v. Hendersen-Webb, Inc.* 81 F.Supp. 2d 582, 595 (D. Md. 1999)(Md. Code Ann., § 14-202(8) requires showing of actual knowledge or reckless

disregard); Md. Code Ann., Com. L. § 14-202(2),(4-5)(prohibiting conduct without imposing any mental element). Thus, no set of facts that JTM might assert would give it a contributory or comparative negligence defense.

For these reasons, JTM's 5th Affirmative defense is insufficient as a matter of law, and not pleaded so as to provide Plaintiff with fair notice. The defense will merely serve to confuse the issues in this case and expand the scope of Defendant's discovery to encompass supposed misconduct by Plaintiff that cannot constitute a defense to Plaintiff's claims.

### IV.    Conclusion

Defendant's 5th Affirmative Defense should be stricken.

Respectfully submitted,

Dated: May 22, 2019

By:     /s/ Emanwel J. Turnbull

Emanwel J. Turnbull
Fed. Bar No. 19674
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd, Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

Ingmar Goldson
igoldson@goldsonlawoffice.com
THE GOLDSON LAW OFFICE
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.    (240) 780-8829
Fax.    (877) 397-0707

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

      This is to certify a copy was served on Defendant's counsel when filed through the CM/ECF system on May 22, 2019, and by first class mail postage pre-paid on:

    Weinberg Mediation Group, LLC
    By:  Jerry Verhagen
    3380 Sheridan Drive, Ste. 133
    Amherst, NY  14226

    *Defendants*

                                         */s/Emanwel J. Turnbull*
                                         Emanwel J. Turnbull