# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOROTHY RENEE JACKSON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 8:19-cv-01009-TDC |
| JTM CAPITAL MANAGEMENT, LLC, *et al.*, | : |
| Defendants. | : |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND AMONG Plaintiff, Dorothy Renee Jackson, and Defendant, JTM Capital Management, LLC, through their respective attorneys of record, and accordingly, this ___ day of _____, 2019, by the United States District Court for the District of Maryland, ORDERED as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the Parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, confidential information relating to third parties to the action, or other proprietary information belonging to a named party, and/or personal, financial, credit, and other confidential information of a Defendant's customers;

WHEREAS, good cause therefore exists to protect the above-mentioned trade secret and proprietary information from public disclosure;

WHEREAS, the Parties acknowledge that there exists a possibility that a party may produce documents or information which would otherwise be subject to a claim of

privilege or work product protection. The Parties acknowledge and agree that the protections of Federal Rule of Evidence 502(b) shall govern the production of such documents and prevent the waiver of any privileges or protections; and

WHEREAS, the Parties to this case do not object to the protective measures requested below;

THEREFORE, the Parties agree as follows:

1. This Agreement shall govern the use, handling, and disclosure of all documents, testimony or information produced or disclosed in this action, which are designated to be subject to this Agreement.

2. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent agreement, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1), or any other provision of law, shall be so designated by the producing party in writing, or orally at a deposition, hearing or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualified for such a designation. Such documents, transcripts, or other materials, and any information contained in or derived from such materials (including but not limited to all deposition testimony that refers, reflects, or otherwise discusses such materials) are referred herein

as "CONFIDENTIAL MATERIALS."

3. With respect to testimony given during a deposition, a party shall (i) indicate on the record or in writing at the time the deposition is taken or prior to the preparation of the transcript, those portions of the deposition that contain CONFIDENTIAL MATERIAL and instruct the court reporter prior to the preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL MATERIAL; or (ii) notify counsel for the party receiving CONFIDENTIAL MATERIAL in writing within seven (7) business days after the producing party's receipt of the final transcript of the deposition by page and line number of any portion of the final transcript of the deposition that contains CONFIDENTIAL MATERIAL.

4. All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers to, reflects, or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action (including appeals) in accordance with this Agreement.

5. In the absence of prior written permission from the designating party, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys and employees of their attorneys who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom attorneys for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Agreement; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii)

consultants, investigators or experts and their staff employed for this litigation; or (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6. CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as <u>Exhibit A</u>, acknowledging that he or she has first read this Agreement, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation, and agreed to refrain from utilizing such CONFIDENTIAL MATERIALS in any other lawsuit or arbitration proceeding. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing the same to any other person except as provided in this Agreement, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

7. In the event that any party disagrees with any designation made under this Agreement, the Parties shall first try in good faith, via a telephone conference, to resolve the disagreement informally. If the dispute cannot be resolved, the designating party shall file a motion to maintain the confidential status of the disputed materials within ten (10) business days of the telephone conference. All parties shall continue to maintain the confidentiality of the disputed materials until the court rule has ruled on the

motion. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

8. To the extent that any materials subject to this Confidentiality Agreement (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Seal Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Agreement are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's right to contest the CONFIDENTIAL designation of the material filed.

9. In filing materials under seal, the Parties shall comply with the requirements of ECF 21-o, ¶ IV.E, in that:

   a. Any confidential information to be filed shall be filed under seal in un-redacted form, and filed openly in a redacted form.

   b. Redactions shall be the minimum necessary to maintain the confidentiality of the information designated.

10. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afford by this Confidentiality Agreement unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

11. Within sixty (60) days after the conclusion of this case, including the final disposition of any and all appeals, the Parties shall assemble and return to the designating party all materials containing information designated in accordance with Paragraph 2 and 3 above, which have not been received in evidence. The receiving party may destroy rather than return, confidential materials received, in which case the other party shall provide written verification that the materials, have been destroyed, unless so ordered. Nothing in this provision shall require the disclosure of attorney work product to any other party, and notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Materials. Any such archival copies that contain or constituted Confidential Materials remain subject to this Stipulation and Order.

12. This Agreement shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Agreement.

13. Neither the entry of this Agreement, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c), or other provision of law.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Agreement.

Agreed and stipulated to this 21st day of June, 2019, by:

| /s/<br>Brendan H. Little<br>LIPPES MATTHIAS WEXLER FRIEDMAN, LLP<br>50 Fountain Plaza, Suite 1700<br>Buffalo, N.Y 14202-2216<br>Tel. 716.853.5100 ext 1233<br>Fax. 716.853.5199<br>blittle@lippes.com<br><br>*Counsel for Defendant JTM Capital Management LLC* | /s/ Emanwel J. Turnbull<br>Emanwel J. Turnbull<br>Fed. Bar No. 19674<br>THE HOLLAND LAW FIRM, P.C.<br>914 Bay Ridge Rd, Ste 230<br>Annapolis, MD 21403<br>Telephone: (410) 280-6133<br>Facsimile: (410) 280-8650<br>eturnbull@hollandlawfirm.com<br><br>Ingmar Goldson<br>igoldson@goldsonlawoffice.com<br>THE GOLDSON LAW OFFICE<br>1734 Elton Road, Suite 210<br>Silver Spring, MD 20903<br>Tel.   (240) 780-8829<br>Fax.   (877) 397-0707<br><br>*Counsel for Plaintiff* |
|---|---|

Ordered:

_____

**Theodore D. Chuang**
**United States District Judge**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOROTHY RENEE JACKSON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 8:19-cv-01009-TDC |
| JTM CAPITAL MANAGEMENT, INC. et al, *et al.*, | : |
| Defendants. | : |

## DECLARATION EVIDENCING AGREEMENT TO ABIDE BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I, _____, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

I have read the Confidentiality Agreement and Protective Order ("Protective Order") in the above captioned case.

I promise that I will only use the documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" that are given to me for purposes of this lawsuit and not in any other lawsuit or arbitration proceeding.

I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" with anyone other than the persons described in the Protective Order.

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Maryland with respect to enforcement of this Protective Order.

I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL MATERIALS" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____          _____
                                                    [Signature]