# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| DOROTHY RENEE JACKSON, *on Behalf of Herself and Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>JTM CAPITAL MANAGEMENT, LLC, WEINBERG MEDIATION GROUP LLC and ROYAL ASSET MANAGEMENT, INC.,<br><br>Defendants. | Civil Action No. TDC-19-1009 |

## ORDER

On October 3, 2019, Plaintiff Dorothy Jackson filed a Motion for Alternative Service requesting leave to serve Defendant Weinberg Mediation Group LLC ("Weinberg Mediation") by mailing a copy of the Summons and all other papers filed in this matter to Weinberg Mediation's rented UPS Store mailbox, as well as to the home address of Weinberg Mediation's registered agent and owner, Jerry Verhagen. *See* ECF No. 34 at 3. In support of the Motion, Jackson states that she initially attempted to serve Weinberg Mediation with the state court Summons by U.S. mail return receipt requested, but she was unable to confirm receipt. ECF 34 at 1. Jackson has also attached an affidavit from a process server in the state of New York. ECF No. 34-1.

On March 20, 2019, Weinberg Mediation informed Defendant JTM Capital Management, LLC that it "expressly consents" to removal of this case from Montgomery County Circuit Court. ECF No. 1 at 3. Following removal of this case on April 3, 2019, the process server attempted to serve Weinberg Mediation on May 13, 2019 and May 17, 2019 at the business address of its registered agent, 3380 Sheridan Drive, Suite #133, Amherst, New York, 14226. ECF No. 34 at 1-

2. This address is recorded with the New York Department of State Division of Corporations. ECF No. 34 at 2; ECF No. 34-2. The process server was unsuccessful in serving Weinberg Mediation at this address. *Id.* Jackson further asserts that the address was discovered to be a UPS store and that "'Suite #133' does not exist at that address." ECF No. 34 at 2. Instead Jackson asserts upon information and belief that Weinberg Mediation rents UPS Store mailbox #133. *Id.*

The process server also attempted to personally serve Weinberg Mediation's registered agent at his home address on June 11, 2019, June 13, 2019, June 15, 2019, and June 20, 2019. ECF No. 34-1; *see* ECF No. 34 at 3 n.2. On each attempt there was no answer at the door, although the process server observed cars in the driveway and house cameras on the front door and driveway. *Id.*

The Federal Rules of Civil Procedure permit service on an individual by following state law for serving a summons in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e). Under Maryland Rule 2–124(f), "[s]ervice is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Here, Jackson has made good faith efforts to serve Weinberg Mediation through its registered agent and owner pursuant to Maryland Rule 2–121(a), as shown by multiple attempts to effectuate service on Weinberg Mediation at Verhagen's business and home addresses. Jackson states that Weinberg Mediation appears to be trying to evade service by providing a fictitious business address for its registered agent and because Verhagen is avoiding service at his home. ECF No. 34 at 3. While Jackson could attempt to serve Weinberg Mediation again by certified mail, this history of evasion

suggests that such an effort would be futile. The Rule does not mandate exhaustion of all permissible methods.

Under Maryland Rule 2–121(b), if, as here, a plaintiff has established that a defendant has acted to evade service, a court may allow the plaintiff to effect service by mailing a copy of the summons and complaint to the defendant at its last known address *and* delivering a copy of those documents to "a person of suitable age and discretion at the place of business." Maryland Rule 2–121(c), however, provides that if the good faith efforts of the plaintiff establish that service under 2–121(b) is "inapplicable or impracticable," then the court "may order any other means of service that it deems appropriate in the circumstances and [that is] reasonably calculated to give actual notice." Jackson does not state whether it has information about Verhagen's place of business or employment, nor is there any reason to believe that efforts at personal service will be more successful at a place of business than at a residence.

The Court therefore concludes that service under Maryland Rule 2–121(b) is impracticable. Pursuant to Maryland Rule 2–121(c), this Court will allow Jackson to serve Weinberg Mediation by mailing a copy of the summons, complaint, and papers filed in this case by first class mail to Weinberg Mediation's last known place of business, Weinberg Mediation's rented UPS Store mailbox, as well as to Verhagen's home address. The Courts finds that these methods, combined with the previous attempts at service, are sufficient to provide Weinberg Mediation with actual notice of this suit.

Accordingly, it is hereby ORDERED that:

1. Jackson's Motion for Alternative Service, ECF No. 34, is GRANTED.

2. Jackson shall have **30 days** from the date of this Order to serve Weinberg Mediation.

3. Jackson shall serve process on Weinberg Mediation by sending by first class mail a copy of the Summons, Complaint, and all other papers filed in this matter to Weinberg Mediation's place of business, as well as at the following addresses:

Weinberg Mediation Group, LLC
c/o Jerry Verhagen
3380 Sheridan Drive #133
Amherst, NY 14226

Weinberg Mediation Group, LLC
c/o Jerry Verhagen
3775 Colin Ct.
North Tonawanda, NY 14120

Date: November 22, 2019

THEODORE D. CHUANG
United States District Judge