

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
**Phone:** 716.853.5100
**Fax:** 716.853.5199
lippes.com

February 17, 2020

<u>VIA ECF</u>
Hon. Theodore D. Chuang
U.S. Distict Court, District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

  Re: <u>Jackson v. JTM Capital Management, LLC, et al.</u>
     Case No.: 19-cv-1009 (D. Md.)

Dear Judge Chuang:

We are counsel for Defendant JTM Capital Managemnt, LLC ("JTM") in the above matter. Pursuant to the Court's Order dated January 8, 2020 (Doc. 43), please let this letter serve as JTM's request for permission to move for summary judgment seeking dismissal of Plaintiff's Complaint.

By way of background, Plaintiff's Complaint seeks relief under the Fair Debt Collection Practices Act ("FDCPA") and two Maryland state statutes because Defendants Weinberg Mediation Group, LLC ("Weinberg") and Royal Asset Management, Inc. ("Royal") attempted to collect debts from Plaintiff without a Maryland license and Defendants Weinberg's and Royal's purported actions violated said statues. Doc. 11. Importantly, Plaintiff's Complaint does not allege that JTM's actions violated the statutes, but that JTM, as the creditor and owner of the debts at issue, is vicariously liable for the actions of Weinberg and Royal. *See* Doc. 11, ¶¶ 67, 82. It is submitted that this record establishes that JTM is passive debt buyer that purchases debts and outsources those debts to third party debt collectors. Accordngly, as set forth in detail below, the the FDCPA, Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act do not apply to JTM.

Fair Debt Collection Practices Act

Plaintiff's first and third causes of action seek recovery pursuant to the FDCPA. As noted above, these causes of action do not allege that JTM's actions violated the FDCPA, but that JTM is vicariously liable for the acts of its co-defendants. The FDCPA causes of action must fail for two reasons. First, in order for for the FDCPA to apply to JTM, JTM must first be found to be a debt collector. Here, JTM is a creditor and the FDCPA does not apply to it. *See* 15 U.S.C. § 1692a(4); *see also Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 140 (4th Cir. 2016) ("But when that same entity acts to collect its own debts, it is acting as a *creditor,* not a *debt collector.*"); *Henson* v Santander Consumer USA, Inc. 137 S. Ct. 1718, 1724 (2017) ("So a company collecting purchased defaulted debt for its own account… would hardly seem to be barred from qualifying as a creditor under the statute's plain terms."). Moreover, a District Court has already



determined that that the FDCPA does not apply to JTM because it is a passive debt buyer that does not attempt to communicate with consumers. *See Schneider v. JTM Capital Management, LLC*, 2018 WL 2276238 (D. Or. Mar. 22, 2018), *adopted by* 2018 WL 2248451 (D. Or. May 15, 2018); *see also McAdory v. M.N.S. Assoc., LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017), *reconsideration denied* 2018 WL 1256482 (D. Or. Mar. 11, 2018) (appeal pending); *Gold v. Midland Credit Mgmt, Inc.*, 82 F. Supp. 3d 1064 (N.D. Cal. 2015); and *Kasalo v. Trident Asset Management, LLC*, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014).

Second, even if this Court determines that JTM is a debt collector, JTM cannot be vicariously liable for the actions of its co-defendants because it did not exercise any control over the conduct of Weinberg and Royal. While the Fourth Circuit has yet to weigh in on viacariously liability, Distict Courts within the Fourth Circuit have recognized vicarious liability under the FDCPA. *See generally Henderson v. General Revenue Corporation*, 2019 WL 1304229, *2 (W.D. Va. Mar. 21, 2019). However, to be vicariously liable under the FDCPA, the principal must exercise control over the conduct or activities of the agent. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006); *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 283 (E.D.N.Y. 2017), *as revised* (June 16, 2017); *Clark v. v. Main St. Acquisition Corp.*, 2013 WL 2295879, at *7 (S.D. Ohio May 24, 2013*), aff'd sub nom. Clark v. Main St. Acquisition Corp.*, 553 F. App'x 510 (6th Cir. 2014); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011); *McNall v. Credit Bureau of Josephine Cty.*, 689 F. Supp. 2d 1265, 1277 (D. Or. 2010).

*Clark v. Main St. Acquisition Corp.* is instructive. There, the plaintiff defaulted on a credit card obligation. *Clark*, 2013 WL 2295879 at *1. As a result, the account was eventually sold to the defendant Main Street Acquisition Corp. ("Main Street"). *Id.* Main Street hired a law firm to collect the plaintiff's debt. *Id.* The law firm corresponded with the plaintiff and eventually sued the plaintiff to collect the debt. *Id.* Thereafter, the plaintiff sued both the law firm and Main Street alleging both violated the FDCPA. *Id.* In disposing of the claim that Main Street could be held vicariously liable for the acts of its debt collection attorney, the Southern District of Ohio articulated the correct test for vicarious liability under the FDCPA: "the principal must exercise control over the conduct or activities of the agent." *Id.* at *7. The District Court granted Main Street's motion for summary judgment because there was no evidence that Main Street exercised and control over the conduct of the law firm. *Id.*

Here, the record establishes that while JTM outsourced Plaintiff's accounts to Weinberg and Royal, JTM did not exercise control over the conduct of Weinberg and Royal. Said differently, JTM did not instruct Weinberg and Royal how to conduct their job. Thus, even if the FDCPA applies to JTM, it cannot be vicariously liable for the conduct of its third party debt collectors.

Maryland Consumer Debt Collection Act

Plainitff's second cause of action claims that JTM is vicariously liable for the actions of Weinberg and Royal because Weinberg and Royal contacted Maryland consumers without having Maryland collection license. Plaintiff's Complaint correctly notes that JTM posseses a Maryland collection liceense. Doc. 11, ¶ 8. Plaintiff's fourth cause of action claims that JTM is vicariously liable for the actions of Weinberg and



Royal because Weinberg and Royal purportedly violated the statute through their collection efforts. Doc. 11, ¶ 91.

Plaintiff's allegations in the Complaint fall short and she cannot sustain claims for violations of the Maryland Consumer Debt Collection Act as it relates to JTM. Specifially, the statute precludes "collectors" from engaging in certain conduct. "'Collector' means a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." *See* Md. Code Ann., Com. Law § 14-201. In *Long v. Pendrick Capital Partners II, LLC*, 374 F. Supp. 3d 515, 537 (D. Md. 2019) (Hazel, J.) this Court determined that a passive debt buyer, like JTM, is not subject to this statute because it does not meet the definition of collector.

Given that the Complaint is devoid of any allegation that JTM collected or attempt to collect on the subject debts from Plainitff and the record establishes that JTM is a passive debt buyer who outsources collection activity to third parties, the second and fourth causes of actions alleging violations of the Maryland Consumer Debt Collection Act must be dismissed. *See Long, supra.*

Maryland Consumer Protection Act

Plaintiff's fifth cause of action claims, in conclusory fashion, that "Defendants" made false and misleading oral statements to Plaintiff in violation of the Maryland Consumer Protection Act. However, while the Complaint is replete with purported statements made by Weinberg and Royal, the Complaint is devoid of any allegation that JTM made any statement to Plaintiff. Moreover, the record conclusively establishes that JTM never made any statements to Plaintiff. For these reasons, Plaintiff's fifth cause of action against JTM should also be dismissed.

Plaintiff's Sixth Cause of Action – Attorneys' Fees

While would be entitled to apply to the Court seeking reasonsble attorneys' fees if she were successful on her claims, given that Plaintiff's claims in the Complaint against JTM fail as a matter of law, Plaintiff's sixth cause of action for attorneys' fees must also be dismissed.

In light of the foregoing, it is requested that JTM be given permission to move for summary judgment seeking dismissal of the Complaint in its entirety.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s Brendan H. Little*

Brendan H. Little